# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FAURECIA SISTEMAS
AUTOMOTRICES DE MEXICO
SA DE CV,

    *Plaintiff*,

v.

CAMACO, LLC,

    *Defendant*.

Case No. 2:23−CV−10763

Hon. Gershwin A. Drain

| | |
|---|---|
| BUTZEL LONG, P.C. | Scott T. Seabolt (P55890) |
| Cynthia J. Haffey (P57352) | Adam G. Winnie (P82820) |
| David J. DeVine (P70012) | HICKEY HAUCK BISHOFF |
| 150 W. Jefferson Ave., Suite 100 | JEFFERS & SEABOLT, PLLC |
| Detroit, MI 48226 | 706 S. Main |
| (313) 225-7000 | Plymouth, MI 48170 |
| haffey@butzel.com | (313) 964-8600 |
| DeVine@butzel.com | sseabolt@hhbjs.com |
| Attorneys for Plaintiff | awinnie@hhbjs.com |
| | Attorneys for Defendant |

*Pursuant to Local Rule 7.1(a), counsel sought concurrence*
*in the relief requested prior to filing this motion.*
*Concurrence was sought by phone on May 17, 2023*
*Forvia has indicated that it does not oppose the relief requested in this Motion.*

## DEFENDANT CAMACO, LLC'S UNOPPOSED MOTION
## TO SUPPLEMENT THE RECORD

Defendant CAMACO, LLC, ("Camaco") by and through its undersigned counsel, hereby files its Unopposed Motion to Supplement the Record with respect to the pending Motion to Stay and Enjoin Arbitration filed by Plaintiff Faurecia

Sistemas Automotrices de Mexico SA de CV ("Forvia"). In further support, Camaco relies on the attached brief and exhibits, and further states as follows:

1. This is a dispute between two sophisticated commercial entities in the automotive supply chain. The parties are currently engaged in a supply agreement that was quoted and awarded in 2016 and has been in production since 2018. The supply agreement is governed by a purchase order (the "Purchase Order").

2. Shortly after supply began, the parties discovered a defect with the tracks that Forvia was manufacturing and selling under the Purchase Order. Forvia's defect has caused Camaco to incur more than $4.5 million in damages. As a result, on February 13, 2023, Camaco filed a demand for arbitration with the American Arbitration Association, pursuant to Camaco's Terms and Conditions.

3. In response, Forvia filed the instant action, seeking a declaration that it is not a party to the Purchase Order, and is not required to arbitrate this dispute. Shortly after filing this case, Forvia filed the instant Motion to Stay and Enjoin the Arbitration. *See ECF No.6*. The Court set the hearing on that Motion for July 28, 2023. *See ECF No. 8*. Camaco timely filed its Response on April 26, 2023. *See ECF No. 11*. Pursuant to a stipulation filed by the parties, Forvia's Reply is due on May 24, 2023. *See ECF No. 15*.

4. Forvia's arguments against arbitration are twofold: (1) that Forvia is not the entity listed on the Purchase Order, and therefore, not the proper party to this

dispute, and (2) that Camaco's Terms and Conditions, and the arbitration provision therein, are not applicable. Forvia is wrong on both points, as explained in Camaco's original Response brief (ECF No. 11).

5. Pertinent to this Motion to Supplement the Record, since filing its original Response, Camaco has compiled additional documentary evidence rebutting both these arguments. That evidence consists of invoices *from* the very Forvia entity in question (Plaintiff in this action), in which Forvia is seeking to collect payments under the Purchase Order (**Exhibit 1**), in addition to the original Purchase Order itself, which clearly incorporated Camaco's Terms and Conditions (**Exhibit 2**).

6. "[D]istrict courts in the [Eastern District of Michigan] and the Sixth Circuit have adopted a standard requiring a party to show good cause" to supplement the record with additional briefing or information. *Allstate Ins. Co. v. Orthopedic, P.C.*, No. 2:18-CV-10193, 2019 WL 13195622, at *2 (E.D. Mich. Jan. 29, 2019).[1]

7. The question before the Court on Forvia's Motion to Stay and Enjoin Arbitration is whether these parties belong in Arbitration or Court. Critical to the Court's analysis of that question will be the question of whether Plaintiff in this case

---

[1] Citing *Dassault Systemes, S.A. v. Childress*, No. 09–10534, 2010 WL 2854339, at *3 (E.D. Mich. July 20, 2010), *rev'd in part on other grounds*, 663 F.3d 832 (6th Cir. 2011); *Harshaw v. Bethany Christian Servs.*, No. 1:08–cv–104, 2010 WL 610262, at *1 (W.D. Mich. Feb. 19, 2010), and *MACTEC, Inc. v. Bechtel Jacobs Co.*, Nos. 3:05-cv-255, 3:06-cv-265, 2007 WL 2385953, at *1 (E.D. Tenn. Aug. 16, 2007).

is the entity executing the Purchase Order for Forvia (it is) and whether the Terms and Conditions were incorporated into the Purchase Order (they were).

8. The documents attached here as **Exhibit 1** and **Exhibit 2** not only bear directly on these questions, but may prove to be dispositive.

9. In this context, the Court should find good cause to allow Camaco to supplement the record with the documents attached as **Exhibit 1** and **Exhibit 2** to this brief, in conjunction with the analysis and explanation of those documents contained herein.

10. Plaintiff Forvia does not oppose the relief requested in this Motion.

WHEREFORE Camaco respectfully requests that the Court GRANT this unopposed motion to supplement the record with the documents attached here as **Exhibit 1** and **Exhibit 2**.

HICKEY HAUCK BISHOFF
JEFFERS & SEABOLT, PLLC

By: /s/ Scott T. Seabolt
    Scott T. Seabolt (P55890)
    Adam G. Winnie (P82820)
706 S. Main
Plymouth, MI 48170
(313) 964-8600
sseabolt@hhbjs.com

Date: May 18, 2023

iv

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FAURECIA SISTEMAS
AUTOMOTRICES DE MEXICO
SA DE CV,

    *Plaintiff*,

v.

CAMACO, LLC,

    *Defendant*.

Case No. 2:23−CV−10763

Hon. Gershwin A. Drain

| | |
|---|---|
| BUTZEL LONG, P.C. | Scott T. Seabolt (P55890) |
| Cynthia J. Haffey (P57352) | Adam G. Winnie (P82820) |
| David J. DeVine (P70012) | HICKEY HAUCK BISHOFF |
| 150 W. Jefferson Ave., Suite 100 | JEFFERS & SEABOLT, PLLC |
| Detroit, MI 48226 | 706 S. Main |
| (313) 225-7000 | Plymouth, MI 48170 |
| haffey@butzel.com | (313) 964-8600 |
| DeVine@butzel.com | sseabolt@hhbjs.com |
| Attorneys for Plaintiff | awinnie@hhbjs.com |
| | Attorneys for Defendant |

**<u>DEFENDANT CAMACO, LLC'S BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION TO SUPPLEMENT THE RECORD</u>**

## TABLE OF CONTENTS

QUESTION PRESENTED ................................................................................... iii

CONTROLLING AND MOST APPROPRIATE AUTHORITY ........................... iv

BRIEF IN SUPPORT ............................................................................................. 5

I. Introduction and Background ................................................................... 5

II. Standard of Review .................................................................................... 5

III. Legal Analysis ............................................................................................ 6

IV. Conclusion .................................................................................................. 9

## QUESTION PRESENTED

1. Should the Court grant Camaco's Unopposed Motion to Supplement the Record, and consider the documents attached as *Exhibit 1* and *Exhibit 2* to this Motion and Brief, in its analysis and ruling on Forvia's Motion to Stay and Enjoin Arbitration?

    **Defendant CAMACO, LLC Answers: Yes**
    **The Court should answer: Yes**

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

Local Rule 7.1

*Allstate Ins. Co. v. Orthopedic, P.C.*, No. 2:18-CV-10193, 2019 WL 13195622, (E.D. Mich. Jan. 29, 2019)

## BRIEF IN SUPPORT

### I. Introduction and Background

Camaco incorporates and refers the Court to Camaco's Response to Forvia's Motion to Stay and Enjoin Arbitration (ECF No. 11, PageID.206 *et seq*) for a fuller explanation of the relevant facts and circumstances leading to this dispute, as well as an explanation as to why these parties and this dispute are subject to an existing arbitration agreement.

For purposes of this Unopposed Motion to Supplement the Record, the relevant facts will be more fully addressed in the legal analysis section, *infra*.

### II. Standard of Review

As explained by this Court in a 2019 decision:

> The Federal Rules of Civil Procedure specifically address filing supplemental pleadings. See Fed. R. Civ. P. 15(d). But a supplemental brief in support of a motion is not a "pleading." See Fed. R. Civ. P. 7(a) [ ]. The Federal Rules accordingly fail to provide a standard and the Court therefore will turn to the District's Local Rules.
>
> The Local Rules address the Court's authority to provide a time by which a party must file supplemental briefs. See E.D. Mich. LR 7.1(g). But the Local Rules do not provide a standard by which the Court decides *whether* filing supplemental briefs is appropriate. Nevertheless, district courts in the District and the Sixth Circuit have adopted a standard requiring a party to show good cause for filing a supplemental brief. [italics in original]

*Allstate Ins. Co. v. Orthopedic, P.C.*, No. 2:18-CV-10193, 2019 WL 13195622, at *2 (E.D. Mich. Jan. 29, 2019).[2] As such, the applicable standard in this district for whether to allow a supplemental briefing or information is a "good cause" standard.

### III. Legal Analysis

Forvia's Motion to Stay and Enjoin Arbitration rests on two arguments. As explained in Camaco's original Response (ECF No.11), neither of those arguments are ultimately necessary to the Court's analysis, because binding precedent from the Supreme Court and 6th Circuit requires that the arbitrability question be left to the arbitrator when the arbitration agreement in question incorporates the rules of the American Arbitration Association,[3] which is the case here. However, should the Court determine otherwise for any reason, the next step in the analysis would be addressing Forvia's two substantive arguments against arbitration. On those arguments, the documents attached as **Exhibit 1** and **2** here are highly relevant.

---

[2] Citing *Dassault Systemes, S.A. v. Childress*, No. 09–10534, 2010 WL 2854339, at *3 (E.D. Mich. July 20, 2010), *rev'd in part on other grounds*, 663 F.3d 832 (6th Cir. 2011); *Harshaw v. Bethany Christian Servs.*, No. 1:08–cv–104, 2010 WL 610262, at *1 (W.D. Mich. Feb. 19, 2010), and *MACTEC, Inc. v. Bechtel Jacobs Co.*, Nos. 3:05-cv-255, 3:06-cv-265, 2007 WL 2385953, at *1 (E.D. Tenn. Aug. 16, 2007).

[3] See *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 202 L. Ed. 2d 480, 139 S. Ct. 524, 528 (2019) ("[w]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract."); *Ciccio v. SmileDirectClub, LLC*, 2 F.4th 577, 583 (6th Cir. 2021) (there is "clear and unmistakable evidence that the parties intended to delegate" the question of arbitrability to the arbitrator where the agreement incorporates the rules of the American Arbitration Association) [internal quotation marks omitted].

6

Forvia's first argument is that the entity listed on the Purchase Order is not actually Forvia, and therefore Forvia is not a party to the Purchase Order or to the Terms and Conditions requiring arbitration. As explained in Camaco's original Response brief, Forvia is wrong.[4] Moreover, since filing its original Response, Camaco has located and compiled a series of invoices issued *by* the very Forvia entity in question—Faurecia Sistemas Automotrices de Mexico SA de CV, the Plaintiff in this action. See ***Exhibit 1***. These invoices were issued under the Purchase Order and seek payments for the tracks at issue. The name at the top of every invoice is identical to the Forvia entity named in the Arbitration:



---

[4] The names listed on the Purchase Order denote the locations where the parts are manufactured and where the parts are shipped. The Camaco name listed on the Purchase Order—"Camaco Portage Manufacturing"—is not a formal legal entity. It is a name used to denote the relevant Camaco, LLC plant in Portage, Indiana. The Camaco logo on the Purchase Order is that of Camaco, LLC. The phone number on the Purchase Order is that of Camaco, LLC. Similarly, the Forvia entity named in both the demand for arbitration and in this case is the appropriate entity. The entity listed as "supplier" on the Purchase Order is "Faurecia Automotive SLP," but that name is used to denote the relevant Forvia plant in San Luis Potosi, Mexico, where the tracks in question are manufactured. "SLP" stands for "San Luis Potosi," because that is where the Forvia plant is located. The legal name of the entity at that location is "Faurecia Sistemas Automotrices de Mexico SA de CV," which is why Camaco's Demand for Arbitration listed that entity as the Respondent.

There should have been no question that the proper parties were named in the arbitration to begin with, as these parties have a longstanding relationship and are well-acquainted with each other. But these invoices *from* the Forvia entity in question should leave no doubt. The proper party was named in the arbitration.

Second, Forvia argues that even if the parties named in the arbitration were correct (they were), an October 2018 revision of the Purchase Order did not explicitly reference Camaco's Terms and Conditions. Therefore, according to Forvia, the Terms and Conditions (including the arbitration provision) do not apply to this dispute. Once again, as explained in Camaco's Response brief, Forvia is wrong. Other revisions of the Purchase Order—including one issued to Forvia as recently as March 2023—*do* explicitly incorporate the Terms and Conditions. Those recent revisions were attached to Camaco's original Response as Exhibit I.

To date, Forvia's counter-argument has been that these Purchase Order revisions incorporating the Terms and Conditions came later in time, and thus do not demonstrate that the Terms and Conditions were incorporated at the outset. That argument is faulty for a few reasons, but rather than delving into those legal issues, Camaco will refer to the Court to the document attached here as **Exhibit 2**. This is an April 2018 email from Camaco to Forvia. Attached to the email (and included with Exhibit 2) is the original revision of the Purchase Order dated March 21, 2018, which explicitly incorporates Camaco's Terms and Conditions. This revision of the

8

Purchase Order was issued approximately seven (7) months before the October 2018 revision that Forvia relies on to assert the Terms and Conditions were not incorporated into the parties' contractual relationship.

Should the Court determine for any reason that *Henry Schein, Inc. v. Archer & White Sales, Inc.,* and *Ciccio v. SmileDirectClub, LLC,* are not applicable, the central questions with respect to Forvia's Motion to Stay and Enjoin arbitration will be whether the proper Forvia entity was named in the arbitration (it was) and whether Camaco's Terms and Conditions were incorporated into the contractual relationship (they were). In that event, these foundational documents will be critical to the Court's analysis. As such, good cause exists to allow Camaco to supplement the record, placing these key documents before the Court.

## IV.   Conclusion

For the reasons stated herein, Camaco respectfully requests that the Court GRANT this unopposed motion to supplement the record with the documents attached here as ***Exhibit 1*** and ***Exhibit 2***.

HICKEY HAUCK BISHOFF
JEFFERS & SEABOLT, PLLC
By: /s/ Scott T. Seabolt
Scott T. Seabolt (P55890)
Adam G. Winnie (P82820)
706 S. Main
Plymouth, MI 48170
(313) 964-8600

Date: May 18, 2023                              sseabolt@hhbjs.com