# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FAURECIA SISTEMAS
AUTOMOTRICES DE MEXICO
SA DE CV,

    *Plaintiff*,

v.

CAMACO, LLC,

    *Defendant*.

Case No. 2:23−CV−10763

Hon. Gershwin A. Drain

| BUTZEL LONG, P.C. | Scott T. Seabolt (P55890) |
|---|---|
| Cynthia J. Haffey (P57352) | Adam G. Winnie (P82820) |
| David J. DeVine (P70012) | HICKEY HAUCK BISHOFF |
| 150 W. Jefferson Ave., Suite 100 | JEFFERS & SEABOLT, PLLC |
| Detroit, MI 48226 | 706 S. Main |
| (313) 225-7000 | Plymouth, MI 48170 |
| haffey@butzel.com | (313) 964-8600 |
| DeVine@butzel.com | sseabolt@hhbjs.com |
| *Attorneys for Plaintiff* | awinnie@hhbjs.com |
| | *Attorneys for Defendant* |

*Pursuant to Local Rule 7.1, undersigned counsel sought concurrence in the relief sought in this motion. Concurrence was sought by phone on June 5, 2023. Concurrence was denied.*

## DEFENDANT CAMACO, LLC'S
## MOTION TO COMPEL ARBITRATION

    Defendant CAMACO, LLC, ("Camaco") by and through its undersigned counsel, hereby moves to compel arbitration. In support, Camaco relies on the attached brief, as well as its Response to Plaintiff's pending Motion to Stay and

Enjoin Arbitration (ECF No. 11) and Camaco's own pending Motion to Supplement the Record (ECF No. 16), each of which is hereby incorporated.

    WHEREFORE CAMACO, LLC respectfully requests that the Court GRANT this Motion to Compel Arbitration.

HICKEY HAUCK BISHOFF
JEFFERS & SEABOLT, PLLC

By: /s/ Scott T. Seabolt
    Scott T. Seabolt (P55890)
    Adam G. Winnie (P82820)
706 S. Main
Plymouth, MI 48170
(313) 964-8600
sseabolt@hhbjs.com
awinnie@hhbjs.com

Date: June 5, 2023

ii

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FAURECIA SISTEMAS
AUTOMOTRICES DE MEXICO
SA DE CV,

    *Plaintiff*,

v.

CAMACO, LLC,

    *Defendant*.

Case No. 2:23−CV−10763

Hon. Gershwin A. Drain

| | |
|---|---|
| BUTZEL LONG, P.C. | Scott T. Seabolt (P55890) |
| Cynthia J. Haffey (P57352) | Adam G. Winnie (P82820) |
| David J. DeVine (P70012) | HICKEY HAUCK BISHOFF |
| 150 W. Jefferson Ave., Suite 100 | JEFFERS & SEABOLT, PLLC |
| Detroit, MI 48226 | 706 S. Main |
| (313) 225-7000 | Plymouth, MI 48170 |
| haffey@butzel.com | (313) 964-8600 |
| DeVine@butzel.com | sseabolt@hhbjs.com |
| *Attorneys for Plaintiff* | awinnie@hhbjs.com |
| | *Attorneys for Defendant* |

## DEFENDANT CAMACO, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION

iv

# TABLE OF CONTENTS

QUESTION PRESENTED .................................................................................... vi

CONTROLLING AND MOST APPROPRIATE AUTHORITY ........................... iv

BRIEF IN SUPPORT ............................................................................................. 5

I.   Introduction and Background ........................................................................ 5

II.  Standard of Review ....................................................................................... 7

III. Legal Analysis ............................................................................................... 8
   1. The Arbitrability Question In This Case Must Be Left To The Arbitrator ...... 8

   2. The Parties Named In The Arbitration Are The Appropriate Parties ............ 11

   3. Camaco's Terms And Conditions, Including The Arbitration Provision, Were Expressly Incorporated At The Outset Of The Parties' Agreement ..................... 14

IV.  Conclusion .................................................................................................. 15

# QUESTION PRESENTED

1. Is there an enforceable agreement between Camaco and Forvia where the parties have been, and continue to be, performing under the relevant Purchase Order, and where invoices are issued from Forvia to Camaco for payment under the Purchase Order, and where payment is issued from Camaco to Forvia following those invoices?

>    **Defendant Camaco answers: Yes**
>    **Forvia answers: No**
>    **The Court should answer: Yes**

2. Does the ongoing supply agreement between Camaco and Forvia contain an enforceable arbitration provision?

>    **Defendant Camaco answers: Yes**
>    **Forvia answers: No**
>    **The Court should answer: Yes**

3. Should the Court dismiss this case in favor of the binding arbitration provision in Camaco's Terms and Conditions?

>    **Defendant Camaco answers: Yes**
>    **Forvia answers: No**
>    **The Court should answer: Yes**

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

9 U.S.C. § 4

*Blanton v. Domino's Pizza Franchising LLC,* 962 F.3d 842, 845 (6th Cir. 2020)

*Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 838 (6th Cir. 2021)

*Ciccio v. SmileDirectClub, LLC*, 2 F.4th 577, 583 (6th Cir. 2021).

*Henry Schein, Inc. v. Archer & White Sales, Inc*., 139 S. Ct. 524 (2019)

## BRIEF IN SUPPORT

I. <u>**Introduction and Background**</u>

This is a dispute between two sophisticated commercial entities engaged in the automotive supply chain. The parties are currently engaged in a supply agreement that was quoted and awarded in 2016 and has been in effect since 2018.

Camaco is a Delaware limited liability company, with a principal place of business in Farmington Hills, Michigan. Camaco manufactures, among other things, automotive seat frames which are ultimately sold to vehicle manufacturers to be incorporated into finished vehicles. The seat frames relevant to this dispute are manufactured at Camaco's plant in Portage, Indiana, and were ultimately incorporated into the Ford Explorer.

Upon information and belief, Forvia is a business organized under the laws of Mexico. Relevant to this dispute, Forvia manufactures and sells the tracks on which automotive seats mount, which allow the seats to slide forward or backward, adjusting to the desired position of the vehicle's occupant. The tracks relevant to this dispute are manufactured at Forvia's plant in San Luis Potosi, Mexico.

The supply and relationship between Forvia and Camaco is governed by a purchase order between those two entities. That purchase order is labelled CPM000126, and is effective October 31, 2018 through December 30, 2025 (the "Purchase Order"). The Purchase Order is subject to periodic revisions. One revision

5

of the Purchase Order is attached here as *Exhibit A*.

The Purchase Order lists the name "Camaco Portage Manufacturing, LLC," which is not a separate legal entity but is a name used to denote Camaco's plant in Portage, Indiana. The Purchase Order lists the supplier as "Faurecia Automotive SLP," which is similarly a moniker used to denote Forvia's plant in San Luis Potosi, Mexico.

Shortly after supply began in 2018, Ford employees discovered that the seats in the Ford Explorer were exhibiting a noticeable "BSR" (buzz, rattle, or shake) condition. In other words, something in the seat was rattling when it should not have been. It was determined that the problem was Forvia's tracks. Camaco has incurred more than $4.5 million in damages as a result of Forvia's defective tracks, including chargebacks from Camaco's customer. Since that time, Camaco has attempted to negotiate an agreeable resolution of the damages with Forvia, but to no avail.

As a result, Camaco was forced to file a demand for arbitration with the American Arbitration Association, pursuant to Camaco's terms and conditions. A copy of the Demand for Arbitration is attached here as *Exhibit B.* The Demand for Arbitration was filed on February 13, 2023. In it, Camaco alleges that Camaco and Forvia entered into purchase orders for the supply of these tracks, those purchase orders are governed by Camaco's terms and conditions, and those terms and conditions provide an express warranty that the tracks will comply with the

necessary requirements of Camaco and, ultimately, Ford. (See ECF No. 6- 2, PageID.90, Ex. A to Mtn. to Stay and Enjoin Arbitration, ¶¶3-6). In response, Forvia filed the instant action, seeking a declaration that it is not a party to the Purchase Order, and is not required to arbitrate this dispute.

Shortly after filing this case, Forvia filed the instant Motion to Stay and Enjoin Arbitration. Camaco timely filed its Response on April 26, 2023 (see ECF No. 11). After filing its Response and exhibits, Camaco located additional documents demonstrating clearly that the parties named in the arbitration (and the parties to this action) are the correct parties. On May 18, 2023, Camaco filed its Unopposed Motion to Supplement the Record with those documents (see ECF No. 16). On June 2, 2023, Forvia filed its Reply in support of its Motion to Stay and Enjoin Arbitration. Thus, as of this filing, there are two pending motions—Forvia's Motion to Stay and Enjoin Arbitration, and Camaco's Unopposed Motion to Supplement the Record.

The instant Motion to Compel Arbitration represents Camaco's affirmative request to this Court to compel arbitration, which is already pending.

### II. **Standard of Review**

Under 6th Circuit precedent, a district court faced with a motion to compel arbitration must determine whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls

within the substantive scope of the agreement. *Mazera v. Varsity Ford Mgmt. Servs.*, LLC, 565 F.3d 997, 1001 (6th Cir. 2009) citing *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 561 (6th Cir.2008).

### III. Legal Analysis

#### 1. The Arbitrability Question In This Case Must Be Left To The Arbitrator

There is a binding agreement between Camaco and Forvia, and that agreement requires arbitration. Not only that, it also requires that the very question of arbitrability be left to the arbitrator. Binding precedent from the Supreme Court and 6th Circuit requires that the arbitrability question be left to the arbitrator when the arbitration agreement in question incorporates the rules of the American Arbitration Association, which is the case here.

The U.S. Supreme Court recently held that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 202 L. Ed. 2d 480, 139 S. Ct. 524, 528 (2019). Relying on *Henry Shein*, the 6th Circuit has issued several recent opinions holding that there is "clear and unmistakable evidence that the parties intended to delegate" the question of arbitrability to the arbitrator where the parties' agreement incorporates the rules of

8

the American Arbitration Association. *Ciccio v. SmileDirectClub, LLC*, 2 F.4th 577, 583 (6th Cir. 2021) [internal quotation marks omitted].

In *Ciccio*, the 6th Circuit ruled that an arbitration agreement providing that any arbitration "shall be resolved using the rules of the American Arbitration Association" constituted an agreement to submit arbitrability questions to the arbitrator. The reason being that the AAA Rules provide the arbitrator with the authority to determine his or her own jurisdiction. Thus, incorporation of those rules is a clear and unmistakable agreement to arbitrate the question of arbitrability. See also *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 845 (6th Cir. 2020) ("What's more, district courts in our circuit have long found that the incorporation of the AAA Rules provides 'clear and unmistakable' evidence that the parties agreed to arbitrate 'arbitrability.'")

In the present case, Camaco's 2020 Terms and Conditions control. A copy of those Terms and Conditions are attached here as ***Exhibit C***. Those provide, in pertinent part:

> **57. Arbitration**.
>
> A. All disputes arising under or in connection with any Order or any other document pertaining to any Order shall be finally settled by arbitration before a single arbitrator. [. . .]
>
> B. If the applicable Order is issued from a Purchaser location in the United States, the arbitrator shall be appointed by the American Arbitration Association ("AAA"), which arbitration shall be conducted under the AAA's commercial arbitration rules in effect at the time of

9

> the Order, provided however, that discovery shall be permitted in accordance with the United States Federal Rules of Civil Procedure. The location of the arbitration will be in Michigan.

Forvia argues that Camaco's 2020 Terms and Conditions should not apply, because the Purchase Order was originally issued in 2018. This argument is not availing. The terms in effect when the Purchase Order was issued were Camaco's 2013 Terms and Conditions, a copy of which is attached here as **Exhibit D**. The 2013 Terms and Conditions provide that "[t]hese terms and conditions [ ] may be amended from time to time[.]" See **Ex. D**, §2A. They were amended in 2020, and the 2020 Terms and Conditions now govern. But even if that were not the case, the 2013 Terms and Conditions also contain an arbitration provision.[1]

As such, under *Henry Schein* and *Ciccio v. SmileDirectClub*, the very question of arbitrability is to be left to the American Arbitration Association, where a dispute is already pending. This alone should end the Court's analysis and this case—including the arbitrability question itself—should be sent back to arbitration.

---

[1] The 2013 Terms and Conditions provide, in pertinent part:

> **49. Arbitration**. All disputes arising under or in connection with any Order or any other document pertaining to any Order shall be finally settled by arbitration in Southfield, Michigan, before a single arbitrator appointed by the American Arbitration Association ("AAA") which arbitration shall be conducted under AAA's commercial arbitration rules then in effect at the time of the Order provided, however, that discovery shall be permitted in accordance with the United States Federal Rules of Civil Procedure.

### 2. The Parties Named In The Arbitration Are The Appropriate Parties

Forvia asserts that the entity named on the Purchase Order is not actually Forvia, and therefore Forvia is not a party to the Purchase Order or to the Terms and Conditions requiring arbitration. Forvia is wrong.

The names listed on the Purchase Order denote the locations where the parts are manufactured and where the parts are shipped. The Camaco name listed on the Purchase Order—"Camaco Portage Manufacturing"—is not a formal legal entity. It is a name used to denote the relevant Camaco, LLC plant in Portage, Indiana. The Camaco logo on the Purchase Order is that of Camaco, LLC. The phone number on the Purchase Order is that of Camaco, LLC. Similarly, the Forvia entity named in both the demand for arbitration and in this case is the appropriate entity. The entity listed as "supplier" on the Purchase Order is "Faurecia Automotive SLP," but that name is used to denote the relevant Forvia plant in San Luis Potosi, Mexico, where the tracks in question are manufactured. "SLP" stands for "San Luis Potosi," because that is where the Forvia plant is located. But the *legal name* of the entity at that location is "Faurecia Sistemas Automotrices de Mexico SA de CV," which is why Camaco's Demand for Arbitration listed that entity as the Respondent.

Moreover, and as explained in Camaco's Unopposed Motion to Supplement the Record, the very invoices issued to Camaco for payment under the Purchase Order clearly indicate at the top of every page that Forvia is the issuing entity. For

11

reference, those invoices are attached here again as *Exhibit E.* For convenience however, the following is a screenshot of the top portion of each invoice:

[Screenshot of Faurecia invoice showing: FAURECIA SISTEMAS AUTOMOTRICES DE MEXICO SA DE CV, Autopista México Puebla KM 117 Nave 17 Parque Industrial FINSA, San Lorenzo Almecatla, Puebla, MEX C.P.:72710, Tel: 01 (222) 2298700 Fax: 01 (222) 2305781, R.F.C: FSA980318AL3; Folio Fiscal: 59889A0A-6BE2-4E59-B37C-EC04C8276F47; Emitido en / Issued in: Avenida Central 200, Parque Logístico, San Luis Potosí, San Luis Potosí, Mex C.P:78395, ME01_S_SLP_1548; Factura / Invoice: Factura No / Invoice: 9660695597, Fecha de Emisión: 16/04/21 05:31:28 PM; Vendido a / Bill to: c099013063 — CAMACO PORTAGE MANUFACTURING LLC, 37000 W. 12 MILE ROAD, STE 105, FARMINGTON HILLS, MI, USA C.P.48331, RFC:XEXX010101000 Tel. TAX ID: 383466213; Enviado a / Ship to: c099013050 — CAMACO PORTAGE MANUFACTURING LLC, 6515 AMERIPLEX DR., SUITE B, PORTAGE IN USA C.P.46368, RFC: XEXX010101000]

Complimenting the clear evidence in these invoices, the payments that Camaco made under the Purchase Order were also made, unsurprisingly, to Forvia. Attached as *Exhibit F* is a confirmation of one such payment. The beneficiary of the payment is reflected as:

Faurecia Sistemas Automotrices de M[ ]

The remainder of the name is omitted from the relevant field, presumably due to its length. But the beneficiary is clearly not "Faurecia Automotive SLP." It is Faurecia Sistemas Automotrices de Mexico SA de CV, which is why that entity is the proper Respondent in the arbitration.

Further supporting this fact, the full address for Forvia in the Purchase Order is:

> Av Central No 200 Parque Logisitico,
> San Luis Potosi S.L.P.
> San Luis Potosi, C.P. 78395 Mexico

This is also the publicly listed address of Faurecia Sistemas Automotrices de Mexico

12

SA de CV. See *Exhibit G.*

In contrast, there is no indication that "Faurecia Automotive SLP" is a formal legal entity. In contrast, Faurecia Sistemas Automotrices de Mexico SA de CV not only exists, but is registered to do business in the United States. (See *Exhibit H*, registration with New York Secretary Of State), and was successfully served by the New York Secretary of State itself in connection with Camaco's Demand for Arbitration. See **Exhibit I**, affidavit of NY Secretary of State.[2]

Forvia and Camaco are clearly parties to the Purchase Order. Arguments to the contrary strain credulity.

---

[2] As explained further in Camaco's Response to Forvia's Motion to Stay and Enjoin Arbitration (ECF No. 11 PAgeID.219):

As a legal matter, the precise names printed on a purchase order are not dispositive of whether a contract exists between two parties. For example, this Court recently engaged in a similar analysis regarding a party with a location in Mexico. See *Johnson Elec. N. Am., Inc. v. Daimay N. Am. Auto., Inc.*, No. 19-CV-13190, 2020 WL 1531727, at *2 (E.D. Mich. Mar. 31, 2020). There, this Court noted that the party in question was not named on the relevant purchase orders, but in considering the actual relationship between the parties in question, the Court considered the street address listed on the purchase orders, the plant where the relevant shipments originated, the employer and work location of the individuals who communicated about the relevant orders, and whether it was alleged that the party in question actually "has a connection" to the business and location in Mexico. *Id*. See also *Long v. Hartley Amusements, Inc.*, No. 11-12790, 2011 WL 3799658, at *2 (E.D. Mich. Aug. 26, 2011) ("[I]t is not dispositive [ ] that Defendants are not individually named in the Services Contract," as it is "possible Plaintiff will produce [ ] evidence indicating adoption of the contract" later in the case. "What is salient to the court's analysis is [Plaintiff has] asserted enough facts to make these allegations plausible on their face.")

13

3. **<u>Camaco's Terms And Conditions, Including The Arbitration Provision, Were Expressly Incorporated At The Outset Of The Parties' Agreement</u>**

Separately, Forvia argues that certain of the recurring order forms did not explicitly reference Camaco's Terms and Conditions and, therefore, the arbitration provision does not apply. Forvia is incorrect. Attached as ***Exhibit J*** is an April 2018 email from Camaco to Forvia. Attached to the email (and included with ***Exhibit J***) is the original revision of the Purchase Order dated March 21, 2018, which explicitly incorporates Camaco's Terms and Conditions.

Simply put, Camaco's Terms and Conditions, and the arbitration provision in question, were plainly and expressly incorporated from the outset of the parties' relationship under the Purchase Order.

## IV. Conclusion

For the reasons stated herein, as well as those explained in Camaco's Response to Forvia's Motion to Stay and Enjoin Arbitration (ECF No. 11) and Camaco's Unopposed Motion to Supplement the Record (ECF No. 16), Camaco respectfully requests that the Court GRANT this Motion to Compel Arbitration.

HICKEY HAUCK BISHOFF
JEFFERS & SEABOLT, PLLC

By: /s/ Scott T. Seabolt
    Scott T. Seabolt (P55890)
    Adam G. Winnie (P82820)
706 S. Main
Plymouth, MI 48170
(313) 964-8600
sseabolt@hhbjs.com

Date: June 5, 2023

15